UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ALDO RONDINELLI &** | **COMPLAINT** |
| **ANNA RONDINELLI** | |
|     **Plaintiffs,** | : |
| | : |
|     **v.** | : |
| | : |
| **RICKENBACKER GROUP, INC** | : |
| **d/b/a RICKENBACKER COLLECTION** | :    **MAY 7, 2010** |
| **SERVICES & JANE DOE a/k/a** | : |
| **CYNTHIA MENDES** | : |
|     **Defendants.** | |

## I. <u>INTRODUCTION</u>

1.  The Plaintiffs bring this suit against Rickenbacker Group, Inc. d/b/a Rickenbacker Collection Services ("Rickenbacker"), a California corporation that engages in debt collection.  Plaintiffs allege that Rickenbacker violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* in the course of attempting to collect a debt. Plaintiffs also claim intentional infliction of emotional distress.

## II. <u>PARTIES</u>

2.  Plaintiffs are natural persons residing in Rocky Hill, Connecticut.

3.  Rickenbacker is a California corporation registered with the Secretary of the State of Connecticut. Rickenbacker uses instrumentalities of interstate commerce in the collection of debts and is a "debt collector" as that term is defined by § 1692a(6) of the

FDCPA and is licensed with the Connecticut Department of Banking as a Consumer Collection Agency.

4.  Jane Doe a/k/a Cynthia Mendes is a collection representative that works for Rickenbacker as a debt collector. Jane Doe's identity and state of residence are not known to Plaintiffs but are readably ascertainable through discovery.

## III. JURISDICTION

5.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

6.  Venue in this Court is proper, as Plaintiffs are residents of Connecticut, Defendants collect debts in Connecticut, and the violative conduct that is the subject of this litigation was conducted within this State.

## IV. FACTS

7.  Plaintiffs had owned a 1992 Dodge Caravan ('the Vehicle").

8.  On or around November 2006, Plaintiffs sold the Vehicle to an individual who resided in Hartford, Connecticut ("the Buyer").

9.  Subsequent to purchase, the Buyer neglected to properly register the Vehicle.

10. Sometime in 2007, the Vehicle was towed and received body work from Coronas Auto Parts ("Coronas") in Hartford, Connecticut, which resulted in a debt ("the Debt").

11. Coronas hired Rickenbacker to collect the Debt, and Rickenbacker proceeded to attempt to collect the Debt from Plaintiff Aldo Rondinelli.

12.  Rickenbacker sent Plaintiff Aldo Rondinelli collection letters to Plaintiffs' address on December 31, 2009, February 2, 2010, and February 22, 2010.

13. On or around February 23, 2010, a Rickenbacker representative named Cynthia Mendes called Plaintiffs' home around 8pm and spoke with Plaintiff Anna Rondinelli.

14. During that conversation, Cynthia Mendes told Plaintiff Anna Rondinelli that Plaintiffs had to pay Rickenbacker at least $2,000 immediately or else Rickenbacker would report them to the Department of Motor Vehicles and have their licenses revoked; afraid, Plaintiff Anna Rondinelli provided Rickenbacker with her credit card information, and Rickenbacker charged $2,000 to that account.

15. Rickenbacker's collection activities caused arguments between Plaintiffs and their family members, and it caused Plaintiffs to become emotionally distressed.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act as to Rickenbacker

16. Paragraphs 1-15 are herein incorporated.

17. Rickenbacker violated 15 U.S.C. § 1692c(b) by contacting Plaintiff Anna Rondinelli and speaking with her about the Debt in an impermissible manner.

18. Rickenbacker violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff Aldo Rondinelli owed a debt he did not in fact owe.

19.  Rickenbacker violated 15 U.S.C. § 1692e(5) and 1692e(10) by falsely and deceptively threatening to revoke Plaintiffs' licenses when they were not authorized to

3

do so, had no intention of doing so, and when they could not have done so regardless of whether Plaintiff Aldo Rondinelli actually owed the Debt or not.

20. Rickenbacker violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the Debt.

21. Rickenbacker violated 15 U.S.C. § 1692d by engaging in the conduct as described above, the natural consequence of which was to harass, oppress, or abuse Plaintiffs.

22. Rickenbacker violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt as described above.

23. Pursuant to 15 U.S.C. § 1692k, Rickenbacker  is liable to Plaintiffs for their actual damages and additional damages as the court may allow, but not exceeding $1,000, plus the costs of the action, and a reasonable attorney's fee as determined by the Court.

## SECOND CAUSE OF ACTION
### Fair Debt Collection Practices Act as to Jane Doe

24. Paragraphs 1-22 are herein incorporated.

25. Jane Doe a/k/a Cynthia Mendes ("Mendes") violated the FDCPA for the reasons enumerated in Paragraphs 17-22 of Count One.

26. Pursuant to 15 U.S.C. § 1692k, Mendes is liable to Plaintiffs for their actual damages and additional damages as the court may allow, but not exceeding $1,000, plus the costs of the action, and a reasonable attorney's fee as determined by the Court.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress as to both Defendants

27. Paragraphs 1 – 15 are herein incorporated

28. The defendants knew, or reasonably should have known, that their actions would likely cause emotional distress to Plaintiffs.

29. The defendants' conduct did cause Plaintiffs to suffer emotional distress, embarrassment, shame, stress and anxiety.

30. The defendants' actions were willful, wanton and malicious, in that they intended to cause Plaintiffs distress to induce Plaintiffs to pay the debt, in hopes that Plaintiffs would pay in order to relieve the stress.

31. Defendants are liable to Plaintiffs for their damages.

## FOURTH CAUSE OF ACTION
### Connecticut Unfair Trade Practices Act as to Rickenbacker

32. Paragraphs 1-15 are incorporated herein.

33. Rickenbacker violated CUTPA by their debt collection activities described above.

34. Rickenbacker's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such as to cause substantial injury to consumers.

35. Plaintiffs have sustained an ascertainable loss in the amount of $2,000 as a result of Rickenbacker's acts.

36. Rickenbacker is liable to Plaintiffs for their actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

5

WHEREFORE, both Plaintiffs seek recovery of actual damages (including emotional distress damages); costs and attorney's fees pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. § 42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

                    **PLAINTIFFS, ALDO RONDINELLI &**
                        **ANNA RONDINELLI**


By:_____
        Daniel S. Blinn, Fed Bar No.ct02188
        Matthew W. Graeber. Fed Bar No. ct27545
        dblinn@consumerlawgroup.com
        Consumer Law Group, LLC
        35 Cold Spring Road
        Suite 512
        Rocky Hill, CT  06067
        Tel. (860) 571-0408  Fax. (860) 571-7457